Morning, Your Honors. I'm Ian McDonald of McDonald & Associates in San Francisco, and I am representing Sigma Micro. The appellant in this matter, which originated in the Bankruptcy Court, was then appealed to the Bankruptcy Appellate Panel and is now before this Court. I think the core issue is that we rely on Northern District Rule 9015-2, as interpreted by this Court's decision in Dunmuir, as our primary grounds for reversal. Explain that. We have a right to jury trial. It's undisputed. The Supreme Court held in Grand Financier and its progeny that we had a right to a jury trial because this was a preference action. In this district, district trials are not referred to the Bankruptcy Court. This Court publicized The problem, I gather, is that there is a conflict between 9055 and the local rule. Isn't that the problem? 9015-2 is the district court rule. But it obviously is subservient to the Federal rules of bankruptcy procedure. Is it not? In other words, it can't trump the Federal rules. The local rule cannot trump a Federal rule, correct? Right. Okay. However, I do not believe that there is a Federal bankruptcy rule of procedure that provides for a right to jury trial in the Bankruptcy Court. What about 9055? Strike that. What about Federal rules of bankruptcy procedure 5011A, which says a motion for withdrawal of a case or proceeding shall be heard by a district judge? Now, that obviously conflicts with the local rule, does it not? I submit that it doesn't. I think that was the point that the Bankruptcy Appellate Panel noted, that I kept going back to the language of Rule 9015-2, and then the Bankruptcy Appellate Panel went on to cite not only the rule of bankruptcy procedure, but they went to the actual Federal statute itself, 28 U.S.C. Section 152. I'm sorry, 28 U.S.C. Section 157D? Section 157D says it's the district court that can withdraw in whole or in part any reference. And so I think the question being raised is, well, how can you have a local rule that provides for the withdrawal of the reference when you have a statute and you have a bankruptcy rule that says the district court has to do it? The answer to that is, in the first place, this is a district court rule. In other words, these bankruptcy rules are part of the district court rule. So you essentially have a district court rule that says if the parties haven't agreed to a jury trial and there's a right to a jury trial, the reference is withdrawn. Counsel, I'm a little confused. I think we're agreeing with each other, although it may not sound that way. My point is that it appears to me that the local rule, 90152B, which authorizes a bankruptcy judge to hear a motion for jury trial and also to withdraw the case from the bankruptcy court and to certify proceedings, is in conflict with the Federal Rules of Bankruptcy Procedure 5011A, which says a motion for withdrawal of a case or proceeding shall be heard by a district judge, not by a bankruptcy judge. That's correct. Are we saying the same thing or not? Well, I think we may be talking about two different things because this did not actually involve a motion to withdraw the reference. I agree that if we had made a motion to withdraw the reference, that would have gone to the district court judge. Here we followed the procedure that was outlined in the local district court rule that says you go to the bankruptcy judge, if he certifies it for jury trial, then the reference is automatically withdrawn. And so I submit if there's a question as to who has the authority to withdraw the reference, I think I agree. The bankruptcy judge doesn't withdraw the reference from himself. It's the district court that withdraws the reference. Now, if we take a moment to take a look at the statutory rules. But until the district court is presented with the issue, the bankruptcy court still has the matter. Is that correct? That is correct. With the exception that the way the statutory scheme is set up is I think we know the bankruptcy court does not get jurisdiction directly from Congress. The statute gives the jurisdiction to the district court on all bankruptcy matters. That's 28 U.S.C. Section 1334a. It says all jurisdiction for all bankruptcy matters goes to the district court. And then 157a says the district court may refer matters to the bankruptcy court. Right. So in this district, matters pertinent to general rule, general order and local rule matters are referred to the bankruptcy court. And then there's also a rule that says, but while we're giving you that referral, if you find bankruptcy judge that there's a right to jury trial, the reference is withdrawn. So in other words, this is the district court speaking to the bankruptcy judge. They're basically ---- Let me just read you something from the BAP. Finally, SGMA responded only on the merits in bankruptcy court and did not argue to the bankruptcy court that it could not hear the summary judgment motion because the reference had been withdrawn via LBR 9015-2B. We do not generally consider arguments raised for the first time on appeal and declined to countenance hiding in the weeds. The bankruptcy court properly heard the motion for summary judgment. SGMA waived its right to raise the issue on appeal. Your reaction? We made a specific motion under the local rule asking the judge to certify the matter for jury trial and pointing out that ---- That's early in the game. That was early in the game. And then they say when you got into the merits in bankruptcy court, you just argued the merits. And you didn't argue, you didn't object that it couldn't hear the issue, that you went ahead and had it litigated. And now you lost and you can't have your cake and eat it, too. Well, I would have brought ---- come in with the same motion. I don't think ---- If you would have won, would you have moved to vacate your victory? Well, I think ---- I submit that the Court's initial ruling on the ---- basically on the certification saying I'm delaying the certification, I'm going to keep it, basically forced us to continue with the case unless we were to take an interlocutory appeal. It was not a final order. We would have had to apply to the district court for leave to take an interlocutory appeal. That would have been a lot of briefing and interlocutory appeals are disfavored. The usual ---- the favored procedure is follow through the case to the end and then take an appeal at the end and raise all of those issues at that time. What about your ordinary course of business point? Well, the interesting issue that was raised by the debtor was that or the liquidating trustee was that because the debtor had met and decided who they were going to pay, that that took it out of the ordinary course of business. And our expert indicated in her declaration that this was, as usual, crisis management when it happened. This is Maloof, your expert, and the problem with your expert is that everybody said, well, she never was specific. She just mentioned a lot of general stuff, and that's not enough to generate a genuine issue of material fact. She said she referenced industry. In the industry. Industry standard is what she said. What industry? Admittedly, she was not a health care expert. She was a collection person. She was from a ---- That's the point. That's the point. And so credit managers are drawn from all industries, and they share tips and techniques, and they talk about who's not paying their bills and what do we do about this company or that. And so she certainly had the expertise to know about cash flow management. She failed to mention what is standard when a company is in financials crisis. She talks about this old school about sitting down and having a meeting to decide what bills to pay, but she never went into the fact what happens when a person in the industry, whatever that is, and in the credit world decides they have to pay one or two creditors to stay alive. Is that ordinary course of business when you decide I've got to pay the creditor who's now providing me with my critical computer services or I'm going to die? Is that ordinary course of business? She didn't state that. Well, I ---- Maybe not in so many words, but the thrust of it was this is ordinary course for a debtor that's in distress. What's the standard of review with the BAPT decision? The ---- where it's a question of law, the circuit court looks directly to the bankruptcy court decision. And ---- But this is a question of fact issue, is it not? Well, the issue is whether there are ---- Isn't that her argument at least? Well, we're submitting that this is a ---- there was a tribal issue of fact, which is a question of law. Well, relative to the course of business, where is the fact and where is the law that we're to look at here? If we're going to go fact, we've got to go to your declaration or else you're out completely, the declaration of your expert. That's correct. And if you look at it, it seems as though it's a little light I think is what we're trying to say here with regard to what's a normal course of business when you have a distressed creditor or distressed debtor trying to pay certain creditors. Except for her opinion that a distressed debtor is faced with crisis management and a cash flow crunch and that it is an ordinary course to be reviewing invoices and deciding who to pay. Well, what interested me is she did a heck of a job. She went back over the history of this client and this debtor or this debtor and this creditor and figured out what was the normal payment terms during that period and said, well, there you go. They're right in the same payment terms or they're not in the same payment terms. But what happened was there was a change because this debtor went into crisis and decided I've got to pay those people that are going to keep the doors open. And I don't think – I'm trying to figure out how she tied that in when she did a great job of determining how many days it takes to pay the payments and what's the standard in the industry. But somehow I'm trying to figure out how she tied that into this creditor in crisis, if that's important at all. Well, it was essentially a transition from a healthy company to a company in distress Exactly. And so how does her opinion fit into that? She just said this is the normal in the industry of how they pay bills. She didn't say when someone goes into crisis it stays the same. They always pay the same or they don't pay the same. I think her point was that they don't pay the same because they're in a position of crisis and then they have to start deciding how they're going to manage their cash and which one they're going to pay. I think that was what we were submitting. You can have ordinary course of business payments in the middle of a crisis. That is correct. Well, we submit that the crisis tempers what is in the ordinary course, the ordinary course of business for a company that's in a crisis situation. Mr. McDonald, you've set up the issues here. Why don't we hear from the other side and then you can respond. May it please the Court, I am Tobias Keller of Jones Day appearing on behalf of John Barnard, a responsible individual for healthcentral.com. Your Honor, I'd like to start with the constitutional issue. As Mr. McDonald presented, he believes that the critical issue here is the Dunmore case. And I believe, Your Honor, Judge Scanlon discussed the potential conflict between the provisions of local bankruptcy rule 9015-2B and rule 5011. As a matter of statutory construction, I think we look to harmonize statutes before we declare that they're in conflict. And I think there is a very strong argument that there is no conflict at all. The provisions of 9015-2B require initially that the bankruptcy judge must determine that a demand was timely made and that the party has a right to a jury trial. Our interpretation of what Judge Jellin did in the bankruptcy court was he essentially conceded that a timely demand has been made. But I have not yet determined whether this party has a right to a jury trial. And the reason that I haven't made that determination is because I have pretrial proceedings that will make — that will reveal whether or not this can be decided as a matter of law, in which case there is no right to a jury trial, or, in fact, whether this has to go to a determination of fact. Kennedy. So are you saying that at the time before, or at the time that he did have his hearings, he had not yet certified it back to the district court? He intentionally stayed his certification. So he made the certification and stayed it and then said, let's go. And as Judge Trott brought out, at that point, the appellant engaged in the merits. There was the separate issue on — once we went to the summary judgment, which was a separate proceeding from the certification proceeding. And we do believe that SGMA waived its right to raise this issue, because the issue raised in the certification motion was, was SGMA entitled to a jury trial? Should the matter go to trial for determinations of fact? That's interesting. I never heard that before. If I can decide that a summary judgment motion should be granted, therefore, there's no right to jury trial, so, therefore, it doesn't have to go to the district  I mean, ordinarily, the summary judgment is something that's decided by the district court or the trial court. Your Honor, on this issue, Congress has been extraordinarily clear. If it is a core proceeding, such as a preference action, that is a matter that is to be heard, that may be heard, determined, and determined by the bankruptcy judge. Now, there's a separate issue, which is the issue raised in Grand Financiera, which is, notwithstanding that Congress labeled it a core proceeding, there may be a constitutional right to a jury trial. Now, unlike Dunmore, which was a non-core proceeding, a bankruptcy judge does have the authority to render a final judgment in a core proceeding. So your view is jurisdiction, and your argument here is that it had not been transferred or withdrawn to the district court as of the time of the summary judgment? Not only had it not been transferred, but there is no legal reason that it should yet have been transferred. And so your view is that had the summary motion, summary judgment motion been denied, then it would have had to have been transferred? Yes. That is exactly our position. And we believe that in certifying the motion at the outset of the case, but staying it for pretrial proceedings, which is consistent with a number of the cases that we've discussed in our brief. Is there any case that approves of the process that you just described? There are a number of cases that are raised in our brief that discuss the bankruptcy judge's right to hold a matter through pretrial proceedings, with the caveat that when the right to a jury trial becomes evident or becomes necessary, it may not then be heard by the bankruptcy judge without the consent of the parties. What's the primary case that you believe covers the situation you have just described? There is a Second Circuit case that was distinguished by Dunmore, and if the Court will indulge me for a moment, I will be able to cite. That would be the Stansbury-Poplar Place case. That's cited in our brief at page 12, and the citation is 13F3rd.122, with the pin cite at 128. And I correct myself. It's not a Second Circuit case. It's a Fourth Circuit case. Okay. Let's jump then to the question of the near view. Then the question is whether there is enough to get by summary judgment on the ordinary course of business defense, because if there is, then you kick into the district court for your jury trial. As far as I can read these cases, you might be able to tell because I wrote the Wiley case that I spent a lot of time on this, that these generally tend to be decided as fact issues by juries. Some of the cases were jury trials, and so why doesn't this at least generate enough to get to a jury? I mean, I read the Maloof Declaration again, and why doesn't she talk about enough to get you at least to a trier of fact? Well, there are a number of reasons. Remember, this is prior to the amendment of the Bankruptcy Act. So the requirement of 547C2 is conjunctive. The plaintiff or the defendant must establish all three of those elements. And it is the bankruptcy court's finding, and it is our contention, that the defendant failed to establish two different bases. But aren't we into the general rubric of summary judgment analysis? And if there is a genuine issue of material fact, then judgment goes the other way and you go to trial. That is the standard, Your Honor. And why doesn't that come out? Why isn't there a genuine issue with respect to the ordinary course of business based on that affidavit? There were two discrete failures of proof at the trial court level. The first one was, frankly, the issue that in the court below was really being pressed by my client, which said that for this debtor, in its course of business under 547C2 Cap B, it simply stopped paying creditors. It was an utter meltdown. And the only creditors that were paid were those creditors that, quote, would have a, quote, direct and immediate impact, unquote, on the debtor's operations. Why couldn't that be ordinary course, to try to keep going? We raised with the judge, the bankruptcy judge, that there was a dearth of authority on that particular theory. And we turned to Judge Trost's position in Weiler, which is to use his terms in Weiler. A debtor may not prefer one creditor over another by selecting to pay one but not the other during the debtor's slide. Unless it's in the ordinary course of business. With respect, Your Honor, we believe that begs the question of what is the ordinary course of business. It was our But your argument would say once you're in a crisis, you can't pay anybody. It's automatically a preference. And that's not what Weiler was intended to do. That was the legal issue that was raised below. Now, we never got to that issue for two reasons. And the judge, bankruptcy judge, expressly declined to adopt our theory because he never got to the evidentiary issues. As for that issue, Judge Gellin essentially said there was no evidence about the conduct of the debtor here. Under Ninth Circuit authority, you look at not just the relationship between the two parties but the ordinary course of practice of both the debtor and the creditor. And there was a dearth of evidence there. Independently, there was the industry standard, and this is the issue, 547C2C, that Weiler was primarily focused on, where it was Sigma's obligation to come forward with evidence about the industry. And while they did put in an expert declaration, it was an expert in cash management. And it failed the very clear instructions of this Court, both in Capro and in Weiler, to speak to the practices of the industry. Now, as Your Honor notes, there can be a different practice, an ordinary course of business with a distressed business. But once again, we must circle back to what is happening in this precise industry. Now, one can can Why does it have to be the health care industry? Why couldn't it be just a broader analysis of what happens to companies in crisis? Maybe the industry includes those that are in financial pressure. There are two potentially germane industries. One is the software industry, which is Sigma provided software services. Alternatively, it could be this retail industry. But to say it is just generally business in crisis would eviscerate the very the facts that are presented both in Weiler and Capro, in which the Court looks to the evidence of, you know, in the case of Capro, it was a personal computer company. In the case of Weiler, it was recreational vehicles. But if one looks at the declaration of Ms. Backoff, one sees that she was working for a building products company, which has no even distant relation to software or to sales via the Internet. And she cites no authority, no basis to explain why she would know anything about any of the industries that were germane to this. Here she says, Teresa Backoff, page 103, the decision process in some cases reflects the need for the merchandise or service as it affects the operation of the business. In this case, the need to continue to pay for computer support to allow the debtor to continue their operation of the business was paramount. It appears that this review at weekly meetings was based on the range of parameters which the managing group had determined would meet the needs of the business to sustain the ongoing operation. Isn't that enough to generate a triable issue? It is not specific to the industry. And that is the commandment. It's specific to them. And that addresses the subsection of 547C2B. This is the issue of the relationship between the parties, but it doesn't speak to the separate requirement, as expressed in Weilert, that you must address the terms of the ordinary course within the industry. So the fact that this individual debtor was in distress is an important point for the purposes of what is the business relationship, the ordinary course of business between the debtor and the transferee. But under 547C2C, they must be made according to ordinary business terms and under your decision in Weilert. That requires an inquiry into the specific industry that's in dispute. So, for instance, in KPRO, where you have an industry that was at the time, if not in meltdown, certainly in distress, this Court held that a workout arrangement was the ordinary course. And because of the evidence that was provided, it found that the fact you were making payments on a deferred basis under a workout arrangement did not remove the transaction from the ordinary course. But having said that, there's no evidence in this record to suggest that anyone looked at the dot-com retail sale industry of health care products or at the software industry. We have the declaration of an expert who's employed by a building products company. Kennedy. The way I read Weilert, business is business and workouts have been around forever. And this is what bothers me about this, is that whatever a particular debtor might do in financial distress, it's not too much different from this person. This person looked around, looked at the ground and said, what's going to happen if we don't pay the computer guy? Oh, we're going to crash. It could have happened in an auto industry. It could have happened in a dairy company. It could have happened in a porn house. It doesn't really matter. If the computer goes down, everything shuts down. And so then I'm going to get real convoluted here. What concerns me is the way we're arguing this. Our standard of review, as I understand it, is we're going to review de novo the summary judgment of bankruptcy court. That is my understanding. In the meantime, the district court passed a rule and says, hey, someone comes in and wants a jury trial. You're out of here, bankruptcy court. Bankruptcy court says, no, I'm going to put a little hanger over here and we're going to do a summary judgment. And if I win, then we're not going to give it to district court. And then the BAP comes along and says, you're right, free bankruptcy judge says, we're not going to give it to district court in these circumstances. It bothers me that we're deciding the merits to now go around what the district court rule says, absolutely. Now, I'm sure that we can look at some of this case law about what happens when you ask for a jury trial and all. But I think you got to look at what the BAP did and what the bankruptcy court did, because we're now deciding merits. They're impinging back on what the district court did with the rule. It bothers me. Because if it had gone to the district court, let's get even more convoluted. Maybe the bankruptcy judges like to do this, and this is a nice way to hold it in. Because we review bankruptcy BAP decisions all the time. They like to clean up their own messes, and they do. And that's fine. But we're now back at the district. We're now back looking at what the bankruptcy court did. So I think what the BAP did, we have to put that aside. And I think I still got to worry a little bit about what that district rule said, about what happens when you demand a jury, because that's the basic issue. If they got a jury trial going, Judge Stratton mentioned this may be a disputed issue of fact. They just blew that one right out of the water just by going around the room. It's a little problematic for me. Well, if Your Honor will indulge, just the way that this gets to the bankruptcy court is Section 28 U.S.C. 157 allows for matters to be referred to the bankruptcy court. Well, yeah, we can go back also to the constitutional issues we litigated for years, or whether we can even have certifications. But the bankruptcy courts become an institution. We know what that is. But then there's a crucial point, and this is what bothers me. When they ask for certification for a jury trial, things start tumbling. And if you go around and say, well, we're going to hold that up for a minute, and we're going to look at this other matter here on summary judgment, it just concerns me, because if it had gone to the district court, that would have meant the district court, for whatever that's worth, would have decided the disputed issue of fact or not, whereas the bankruptcy court has now reserved it to itself to decide that issue. It seems like the certification and the ability to decide the summary judgment motion for whatever that's worth institutionally was held in the bankruptcy side. That is true. And I was looking for some authority that said to me, okay, that's okay. Let's look at the district. And I understand all the conflict between what the hierarchy of the district court rule is and all that stuff. Just so I can correct one issue that isn't clear, I don't know that it's been made clear. The appellant had the alternative to take this appeal to the district court. It didn't make the election. It went to the bankruptcy appellant. It doesn't matter, because we're going to review it to know, by the way. Exactly. We're reviewing it on the bankruptcy court side. I'm talking about the institutional issue. I understand Your Honor's position. And I believe that in order to rule that the bankruptcy court did not have jurisdiction  to the district court, we will withdraw the reference to the district court. Setting that aside, if the bankruptcy judge cannot hear the summary judgment motion, it's – it would be our position that it runs specifically afoul of Section 157 of   Title 28 of the United States Code, because 157 specifically gives bankruptcy judges the right to determine core proceedings, including – which are defined specifically to include preference actions. Now, Grand Financiera did not eviscerate the core versus non-core distinctions. All Grand Financiera said was, you don't lose your right to a jury trial. And by God, if you get to the point where you need a finder of fact to make these determinations, you're going to get your jury trial. And then there are some subsequent clean-up amendments in the Bankruptcy Act that provided that the bankruptcy court may have jury trials, but it cannot be done without consent of parties. Thank you. Further counsel? Thank you. Mr. McDonnell, you have some reserve time.  28 U.S.C. Section 157B does, of course, talk about core proceedings and non-core proceedings. And I submit that that is irrelevant, because all of that is subject to 157A, which says the district court may provide that any or all cases under Title 11 shall be referred to the bankruptcy judges. So before the judge gets into whether it's a core proceeding or a non-core proceeding, first he has to get the case under Section 1334. So here, the bankruptcy judge gets the case from the district court, but it's got a string attached to it. It says you need to be referred to the bankruptcy judges. Well, I think that's why I bring up the institutional question. It seems like the district court and the bankruptcy court here in this case are on sort of a balance beam. And we're going to make a decision whether, under these circumstances, a bankruptcy court, by putting that string on it, can now hold those, if you want, core proceedings and summary judgment proceedings on that side, or whether the district court should, as a matter of policy or whatever, pass a local rule and flip it the other way. And that's what this decision is going to have to say, I think. Or will eventually say. And, of course, that's what this Court found in the Dunmere case. And in the Dunmere case, the bankruptcy judge didn't even certify. He just refused to certify it. He said, no, you have no right to jury trial. And then Dunmere said he should have found there was a jury trial right and it should have been certified and the reference would have been automatically withdrawn. So it was reversed. Roberts. Do you want to say anything further on the question of fact issue? No. I think that's been – I have nothing to add on that, Your Honor. Thank you. Nothing further? Nothing further submitted. Thank you, counsel. The case just argued will be submitted.
judges: Brunetti, O'scannlain, Trott